ROSALÍA ROCA, as mother with patria potestas over her minor child JUAN ANTONIO ROCA, Plaintiff, Appellee and Appellant, v. JUAN VÁZQUEZ SUÁREZ, Defendant, Appellant and Appellee.

No. 7911.   Argued March 16, 1939.—Decided July 26, 1939.

*Edelmiro Martínez Rivera* for appellant-appellee.   *José C. Jusino* for appellee-appellant.

MR. JUSTICE WOLF delivered the opinion of the Court.

In the District Court of Bayamón on January 27, 1937, Rosalía Roca, on behalf of her minor child Juan Antonio Roca, filed a complaint in filiation against Juan Vázquez Suá-

rez. The defendant was served with summons on November 27, 1937. He filed a motion to strike on December 4, 1937. The plaintiff filed an amended complaint on February 4, 1938. The defendant demurred on February 15th. The demurrer was heard and argued on March 14th, from which hearing the defendant was absent. On March 17th, the court dismissed the demurrer and gave the defendant ten days to file his answer. The record shows that the secretary notified both parties on the same day with copies of the order. The defendant filed a motion for extension of time, dated March 28th, filed as of March 29th. The court, by resolution dated March 30, 1938, denied the motion and said:

"Whereas, the term granted to the defendant to file his answer in this case exp'red on March 27, 1938, but because that day was a Sunday the term really expired on March 28, 1938, and the motion for extens'on was filed after the proper time."

The plaintiff asked on April 1, 1938, that notice of default be entered against the defendant. On the same day the defendant's lawyer wrote to the attorney for plaintiff asking him not to enter default against defendant and promised that the latter would file his answer before April 10th. Notice of default was entered on April 2. The defendant filed a sworn answer on April 8th. Some time later the defendant's attorney learned that notice of default had been entered against him and on April 30, 1938, filed a sworn motion to set aside the default. In that motion he raised the point that he had received the order of the court dismissing his demurrer and giving him ten days to answer on March 20th, and that he had mistakenly assumed that the term expired on March 30. He said that he put his motion for extension of time in the mail on March 28th, but it was not filed in the court until March 29th; and that at the time he thought the motion was not late. He claimed that his client had a just defense and begged to be given the opportunity of presenting it before the court. The court, by order dated June 25, 1938, denied this motion and said:

1. That the date of expiration of a term should not be assumed.

2. That a plea is filed when the secretary receives it and not when it is put in the mail box.

3. That a st'pulation made by the parties without the court's knowledge is not binding upon it.

The defendant filed a motion for reconsideration on June 29, 1935. The motion was denied on July 5th.

The case was heard *ex parte* on July 29th. The defendant was not notified of the date set and it was not entered in the calendar which the secretary keeps in his office, but in a loose-leaf book which the judge keeps in chambers. During the trial the answer was striken out on motion by the plaintiff. Her evidence was presented in the absence of the defendant and on July 30 the court gave judgment for the plaintiff, and declared Juan Antonio Roca to be the natural son of Juan Vázquez Suárez. No costs were awarded. The judgment was notified to the parties on August 1st. On August 6th the defendant filed a sworn motion asking the court to set aside the default and the judgment; to admit the answer which had been filed; and to try the case in the next term of the court. The motion was heard on August 26 and denied on August 31.

The plaintiff on August 31 appealed from that part of the judgment which awarded no costs or attorney's fees. The defendant appealed from the judgment by default of July 30, and from the order dismissing his last motion to set aside the default and the judgment rendered August 31.

The plaintiff's brief (filed as appellant) argues that the law (Section 327, Code of Civil Procedure, as amended by Act No. 69 of May 11, 1936) imposes upon the court the duty of awarding costs to the party who obtains judgment, with attorney's fees when the other party has incurred in obstinacy and argues that the many pleas of the defendant constitute obstinacy.

The defendant has not filed a brief as appellee.

The defendant, in his brief (as appellant) assigns four errors:

1. That the court erred when it denied the defendant's motion to set aside the default and when it refused to reconsider the denial on motion by the defendant.

2. That the court erred in holding trial in this case with the appearance only of the plaintiff, notwithstanding that an answer had been filed, without giving notice to the defendant of the plaintiff's petition for appointment of date or of the appointment made by the court for trial, so as to give to the defendant the opportunity of hearing the plaintiff's evidence.

3. The lower court erred when it entered judgment in default in this case and when it refused to set aside the judgment under the authority of Section 140 of the Code of Civil Procedure.

4. The District Court of Bayamón erred when it appreciated that the evidence which the plaintiff presented *ex parte* to support her pleas was sufficient to maintain the judgment given against the defendant.

The defendant reproduces in his brief the arguments of his motions before the lower court. He claims that when he filed his motion for extension of time he thought it was not late: that anyway it was just one day late; that the copy of the order giving him ten days to answer was dated March 17, but that he received it on March 20 and that the order did not show the date when the notice was filed in the record of the case. The defendant's attorney's motive for a petition for extension of time was that he had a case pending before the Supreme Court of the United States and he had to file a brief thereon, and was therefore very busy.

Counsel also argues that before the notice of default had been entered he wrote the plaintiff asking him not to enter default and to consent to an answer being filed; that the letter was not answered and that he believed in good faith that his request had been conceded; and that he filed his answer seven days later, five days after default had been entered and only eleven days after the term had expired.

He says that the letter written to the plaintiff's lawyer is not mentioned to prove that a stipulation had been made or to maintain that it is binding upon the plaintiff or the court, but to explain the motives that led him to believe, when he filed his answer, that default had not been entered.

He claims that the secretary of the lower court did not comply with the law (Section 142*a*, Code of Civil Procedure) because "the time within which to amend or answer . . . . shall begin to run from the date of the filing of such notice among the papers" and requires that a "written notice" be mailed to the losing party or his attorney and that a copy of such notice shall be filed with the papers in the case.

It is the appellant's contention that the written notice which is mailed to the losing party or his attorney should contain all the data necessary so that the party can determine the extent of the term granted: i. e. that it should show the date when the copy of the notice is filed in the record.

The appellant claims that he was served with a copy of the court's order and not with the original of a written notice, the copy of which on being filed with the record, would start the term running; that the statute was not complied with.

The appellant cites many cases to support his claim that courts should always give an opportunity to the parties to present their cases; that the statute under which relief is asked (Section 140, Code of Civil Procedure) should be liberally applied and interpreted.

Second Error: The appellant claims that he had the right to be notified of the plaintiff's motion asking for appointment of a date for the trial and also of the fixing of that date by the court.

He says that a case of filiation is an important judicial proceeding, and that the defendant had made his appearance in court and therefore had the right to be notified of all subsequent motions and proceedings as provided by the law (Sections 323 and 324, Code of Civil Procedure).

Defendant-appellant says that the case was entered in the special calendar and that a lawyer is not bound to take notice of the cases entered therein as he is in regard to the general calendar.

He argues that after a defendant has made his appearance he has the right to be notified of any hearing that may be ordered and to appear in the hearing to defend his rights.

And that even if there were no legal duty to notify a defendant in such a case, in this one it ought to have been done, because there was an answer under oath denying all the facts alleged to in the complaint. He cites *Pérez* v. *Oliver*, 11 P.R.R. 380; *Estate of Chavier* v. *Giráldez*, 15 P.R.R. 145; *Andino* v. *Knight*, 20 P.R.R. 185.

Fourth Error: The appellant claims that the evidence was not enough to declare judgment for the plaintiff on the following grounds:

1. The evidence consisted of a birth certificate and the testimony of three witnesses.

2. The witnesses were (*a*) the plaintiff, (*b*) her mother, (*c*) a child.

3. The questions of the plaintiff's attorney were leading.

4. The evidence was insufficient.

5. The court made no effort to investigate the evidence or cross-examine the witnesses.

The plaintiff's brief (as appellee) argues:

1. The first error assigned does not exist. The court complied with the law. The defendant's arguments were not strong and the court's orders refusing to set aside default were not in excess of discretion.

2. The second error does not exist. The defendant was in default and there was no duty to serve him with notice of the date set for trial. If he really wanted to be present at the trial he ought to have been mindful of the calendar.

3. The third error does not exist. It is true that the plaintiff received a request from the defendant that notice

of default not be entered, but the letter was received by this party after the default had been entered. However, the appellee did not oppose the defendant's motion that default be set aside. She left the matter to the court's discretion. It found no reason for setting the default aside and she maintains it acted within law and justice.

4. The fourth error does not exist. The appellee believes the court was correct in its conclusion that the condition of a natural recognized child existed, and she maintains that the appellant wants to prevent the execution of the judgment and that the appellant's idea is to avoid having to take care of the child. She begs that the judgment be affirmed, with an award of costs to the appellee.

We shall not attempt to analize all the assignments of error of the defendant-appellant or the arguments he sets forth in support of the said errors. We think that Section 140 of the Code of Civil Procedure under the recited circumstances should have caused the court both to set aside the original default and more especially to set aside the judgment entered by default. This is a suit to establish the status of a minor child brought against his putative father. The chances are fair that the supposed father believes he has a good defense. The defaults were over a short period and we take it were generally due to the busy state of the defendant's attorney.

Section 140 of the Code of Civil Procedure in its pertinent part provides:

"Section 140.—The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, and may, upon like terms, enlarge the time for answer or demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow upon such terms as may be just, an amendment to any pleading or proceeding in any other particulars; and may, upon like terms, allow an answer to be made after the time limited by this Code, and also relieve a party, or his legal representa-

tives, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; . . . ."

We find that a number of the defaults of the attorney were the inadvertences or mistakes set forth in the statute.

The judgment should be reversed and the case sent back to the District Court of Bayamón for further proceedings not inconsistent with the opinion.

Mr. Justice Travieso took no part in the decision of this case.